PER CURIAM:
On the evening of October 14, 1991, the claimant, James Holmes a resident of Red House, Putnam County, was operating his 1977 GMC 6500 truck laden with an unspecified quantity of logs upon Route 30/1, more commonly identified as Five and Twenty Hill Road, when he pulled off the single lane gravel road to permit an approaching automobile to pass. The claimant alleges that as he awaited the on-coming automobile, the edge of the road bank gave way and his truck rolled over the hill. The claimant stated that he suffered three broken ribs and lacerations in the accident, but he had refused medical attention. His claim is for property damage only. The truck was declared a total loss by a Body Shop Manager, David Rollins, of General Truck, Inc., a South Charleston GMC truck dealership; since the truck’s estimated repair was n excess of $10,000 and its current book value was $5,790.
Claimant testified that it is his opinion that the reason the bank gave way that his truck was positioned over a corrugated metal pipe culvert that extends 15 to 20 feet across the road. Although the culvert pipe is two feet below the road surface, the claimant is of the opinion that the pipe had undermined the integrity of the road shoulder. He described the culvert pipe at the edge of the road as obscured by overgrown weeds. There were no warning sings to indicate the presence of a soft shoulder. The claimant testified he is familiar with the road and regularly travels upon it to perform logging.
An employee of the respondent, Delmer Black, testified that he is assigned to the District responsible for the road in question and that to his knowledge no previous accidents had occurred where the claimant’s truck rolled over the hill. This witness further stated that he is very familiar with the accident area since his family owns land and pasture nearby. He estimated the width of the road around 20 feet, and considered it adequate for vehicle use.
Another employee for the respondent, Ben Savilla, testified that he is a Claim investigator and visited the accident site. He concluded that claimant’s truck was three feet off the main travel portion of the road and the bank simply could not support the load bearing weight of the fully loaded logging truck.
The issue before the Court is whether the respondent had prior notice of the alleged berm defect before the claimant’s accident. In the instant claim it appears that claimant drove his vehicle too far off the travel portion. Although the actual berm area was stable, claimant’s truck was onto a portion of the bank adjacent to the berm which could not support the weight of the truck and the logs. The burden of proof is upon the claimant to demonstrate with a preponderance of the evidence that the respondent had actual or constructive notice of the alleged defect. As the State is neither an insurer nor a guarantor of the safety of persons traveling on its highways, the Court must deny this claim. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). It is the finding of this Court that notice was not provided to the respondent.
In accordance with the finding of facts and conclusions of law as indicated herein *212 above, the Court is of the opinion to and does deny this claim.
Claim disallowed.